UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DORIS BELL, on behalf of A.N.E., a minor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | Case No. 4:22-cv-00173-SRC ) ) ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**Memorandum and Order**

A.N.E., a minor, requests judicial review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security denying her application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. The Court affirms the Commissioner's decision.

**I.      Procedural history**

In January 2020, A.N.E. filed a Title XVI application for supplemental security income. Tr. 192. The Social Security Administration initially denied her application, but A.N.E. requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 126. After the hearing, the ALJ denied A.N.E.'s application, Tr. 30–38, and the Appeals Council denied A.N.E.'s request for review, Tr. 21. As such, the ALJ's opinion stands as the final decision of the Commissioner.

**II.     The ALJ's Decision**

The ALJ found that A.N.E. was a school-age child on January 3, 2020, the application date, and that she is currently a school-age child. Tr. 31 (citing 20 C.F.R. § 416.926a(g)(2)).

The ALJ next determined that A.N.E. had not engaged in substantial gainful activity since the application date. Tr. 31. The ALJ found that A.N.E. has a severe impairment of attention-deficit hyperactivity disorder ("ADHD") and further found that A.N.E. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* Because the ALJ found that A.N.E. does not have an impairment or combination of impairments that functionally equals the severity of the listings, the ALJ concluded that A.N.E. has not been disabled, as defined in the Social Security Act, since the application date. Tr. 33–37.

### III.     Legal standard

Under the Social Security Act, an individual under the age of 18 is disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner follows a three-step sequential process when evaluating whether a child claimant has a disability. 20 C.F.R. § 416.924. First, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 416.924(a), (b); *see* 42 U.S.C. § 1382c(a)(3)(C)(ii). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner evaluates the evidence to determine whether the claimant has "an impairment or combination of impairments that is severe." 20 C.F.R. § 416.924(a), (c). An impairment is not severe if it amounts only to "a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." 20 C.F.R. § 416.924(c). Third, if the claimant has a severe impairment,

the Commissioner considers the degree of the impairment's medical severity. If the combined effect of all medically determinable impairments meets, medically equals, or functionally equals the severity of a listed disability, the claimant is considered disabled, so long as those impairments have lasted or are expected to last for a continuous period of at least 12 months. 20 C.F.R. § 416.924(d); 42 U.S.C. § 1382c(a)(3)(C).

To qualify as functionally equal to a listed impairment, a child's condition must result in an "extreme" limitation of functioning in one domain of functioning or "marked" limitations in two domains of functioning. 20 C.F.R. § 416.926a(a). The six domains used by the Commissioner are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id.* If this analysis shows the child does not have an impairment that is functionally equal in severity to a listed impairment, the child is not disabled. 20 C.F.R. § 416.924(d).

The Court must affirm the Commissioner's decision so long as "the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted and citation omitted). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* Under this test, the Court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are

supported by good reasons and substantial evidence." *Id.* (quotation omitted). The Court will not "reverse merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the Court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 369 (8th Cir. 2016) (internal quotation marks and citation omitted).

## IV. Discussion

A.N.E. argues that the ALJ failed to properly evaluate functional equivalence. Doc. 18 at pp. 3–12. Specifically, she "takes issue with the ALJ's finding that [she] has a less-than-marked limitation in the domain of acquiring and using information." *Id.* at p. 6. The Commissioner contends that substantial evidence supports the ALJ's finding. Doc. 20 at pp. 6–9.

The acquiring-and-using-information domain encompasses "how well [a claimant] acquire[s] or learn[s] information, and how well [the claimant] use[s] the information [he or she] ha[s] learned." 20 C.F.R. § 416.926a(g). The applicable regulation advises claimants that a limitation in a domain is "marked" when "impairment(s) interfere[] seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities." 20 C.F.R. § 416.926a(e)(2). A "marked" limitation "also means a limitation that is 'more than moderate' but 'less than extreme.'" *Id.* It is equivalent to the functioning expected on standardized testing in the relevant domain with scores at least two, but less than three, standard deviations below the mean. *Id.*

In concluding that A.N.E.'s limitation in the acquiring-and-using-information domain is less than marked, the ALJ first cited her academic performance. Her IQ scores put her in the low average range, and she performed at or above her cognitive ability in further academic testing.

4

Tr. 35, 419. The ALJ noted that A.N.E. herself testified that she does not have trouble focusing during virtual class and found it easy, though her grades do not reflect it. Tr. 32, 59. Additionally, she participated in regular classroom education 92% of the time, and in special education only 8% of the time. Tr. 35–36, 400.

The ALJ further cites the findings of the State agency psychological consultants, the only medical opinions of record. After reviewing the evidence, the consultants concluded that A.N.E. had less-than-marked limitations in acquiring and using information. Tr. 71, 82. They noted that despite her ADHD, A.N.E. continued to provide grade-level work and greatly improved with treatment. Tr. 82. They also noted that she participated in grade-level assessments without accommodation. Tr. 71, 401. Her physician's notes further indicate that her symptoms were "well controlled" on medication. Tr. 35, 499, 505, 589. The ALJ found these assessments persuasive because they were consistent with the evidence. Tr. 37. The ALJ noted that the medical opinions were consistent with the ALJ's findings of limitations in the various domains. *Id.*

A.N.E. contends that the ALJ improperly weighed the negative portions of her academic history. Doc. 18 at p. 8. Though she had good grades in fifth grade despite her ADHD, Tr. 510, she argues that her poor grades in sixth grade are indicative of a marked limitation, Doc. 18 at pp. 9–10. However, the ALJ acknowledged these difficulties but concluded that they appear to be related as much to her cognitive challenges as her ADHD. Tr. 36. The ALJ also stated that "testing indicated her academic performance was consistent with or higher than her cognitive ability." Tr. 35. Further, as the Commissioner points out, Doc. 20 at p. 8, grades are just one factor in evaluating limitations in this domain. *See* Social Security Ruling 09-03p ("Although we consider formal school evidence (such as grades and aptitude and achievement test scores) in

determining the severity of a child's limitations in this domain, we do not rely solely on such measures."). The ALJ also noted that although A.N.E. testified that she found virtual learning "easy" and could follow what the teacher was saying, her grades revealed that she was "not performing well" in that environment. Tr. 32, 38–39. And as A.N.E. herself acknowledges, Doc. 18 at p. 10, her sixth-grade teachers noted that she "did not participate," lacked effort" and "did not try." *See* Tr. 296. Thus, substantial evidence exists in the academic history to support the ALJ's less-than-marked finding in the acquiring-and-using-information domain.

A.N.E. further challenges the ALJ's evaluation of the observations of the consultative examiner, Alan Politte, Ed.D., who noted that A.N.E. had "poor memory" as a result of her ADHD. Doc. 18 at p. 7; Tr. 448. The ALJ considered Dr. Politte's observation but noted that a memory problem is not a typical symptom of ADHD. Tr. 32. The ALJ further noted that Dr. Politte's observation of a memory problem is not inconsistent with a less-than-marked limitation in her ability to acquire and use information. Tr. 37. A.N.E. contests the weight placed on Dr. Politte's statement that A.N.E. has a memory problem, but as A.N.E. admits, the ALJ found Dr. Politte's findings to be consistent with the ALJ's decision. Doc. 18 at pp. 7–8; Tr. 652–53.

A.N.E.'s remaining arguments are more of the same; she presents alternative views of evidence the ALJ considered, emphasizing the extent of her disability. *See* Doc. 18 at pp. 7–11. She challenges the ALJ's use of four-year-old IQ scores and A.N.E.'s presence in a regular classroom the majority of the time as evidence of a less-than-marked limitation. *Id.* at pp. 7–8. However, the ALJ already considered the weight of this evidence, Tr. 32, 35, and the Court does not reweigh it. *Reece*, 834 F.3d at 908.

A.N.E. also claims the ALJ improperly evaluated the progress report from Megan Benjamin, A.N.E.'s fifth-grade teacher. Doc. 18 at p. 8. According to A.N.E., the report

6

confirms that she "was not making progress in the areas of English Language Arts, Math and/or Life Long Learning Skills." *Id.* The record, however, does not support A.N.E.'s description of the evidence. Her teacher was instead given binary choices between making expected progress and "additional support needed," and the "additional support needed" box was checked for each of those categories. Tr. 508–10.

A.N.E. further contends that this progress report, along with other negative progress reports from various teachers, ought to outweigh her pediatrician's findings that her ADHD symptoms are well controlled on medication because the "teachers spent far more time with [her] than the doctors." Doc. 18 at p. 11. However, A.N.E.'s "contentions that the ALJ should have weighed these facts differently or drawn different conclusions do not warrant relief under [the Court's] deferential standard of review." *Hensley v. Colvin*, 829 F.3d 926, 934 (8th Cir. 2016).

At best, A.N.E. has demonstrated that substantial evidence exists supporting a finding that she has a marked limitation in her ability to acquire and use information. That, however, is not the standard of review. The Court must determine whether substantial evidence supports the ALJ's findings. The Court cannot "reverse merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the Court] would have decided the case differently." *KKC ex rel. Stoner*, 818 F.3d at 369 (quotation omitted).

A reasonable mind could find a less-than-marked limitation in the domain of acquiring and using information based on A.N.E.'s IQ-test scores, her academic performance, her presence in regular classrooms, and the pediatrician's statement that her ADHD symptoms are well controlled when properly medicated. *See Biestek*, 139 S. Ct. at 1154. This remains so despite

the evidence A.N.E. emphasizes that may support a finding of a marked limitation in that domain.

Finally, the Court notes that the ALJ may not have addressed the supportability and consistency factors in sufficient detail. *See* Tr. 37; 20 C.F.R. § 416.920c; *see also, e.g.*, *Martini v. Kijakazi*, No. 4:20-CV-01711-CDP, 2022 WL 705528, at *4–5 (E.D. Mo. Mar. 9, 2022); *Starman v. Kijakazi*, No. 2:20-CV-00035-SRC, 2021 WL 4459729, at *3–4 (E.D. Mo. Sept. 29, 2021). However, because A.N.E. does not mention, let alone challenge, either of the medical opinions—or the ALJ's treatment of them—anywhere in her brief, *see* Doc. 18, she has waived the issue. *See Yeazel v. Apfel*, 148 F.3d 910, 911–12 (8th Cir. 1998) (finding that social security claimant waived argument by not making it in the district court); *see also Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010) (declining to address issues social security claimant failed to address in the district court); *Hacker v. Barnhart*, 459 F.3d 934, 937 n.2 (8th Cir. 2006) (declining to address ALJ's decision to discount treating physician's opinion, because the claimant failed to raise or discuss the issue in her brief (citations omitted)); *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (declining to address social security claimant's undeveloped argument).

## V.     Conclusion

The Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. The Court does not substitute its own judgment for that of the ALJ. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (citing *England v. Astrue*, 490 F.3d 1017, 1019 (8th Cir. 2007)). Having found that substantial evidence supports the ALJ's conclusions and that the ALJ applied correct legal standards, the

8

Court affirms the ALJ's decision. Accordingly, the Court dismisses A.N.E.'s [1] Complaint with prejudice. A separate judgment accompanies this Memorandum and Order.

So Ordered this 13th day of September 2023.

*SLR. CL*

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE